UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SUZANNE LITZ,
a New Jersey citizen and resident,

    Plaintiff,
v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff SUZANNE LITZ, a New Jersey citizen and resident, and files this Complaint against Defendant, NCL (BAHAMAS) LTD, a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, SUZANNE LITZ, is *sui juris* and is a permanent resident and citizen of New Jersey.

3. Defendant NCL (BAHAMAS) LTD. is a Bermuda corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant NCL (BAHAMAS) LTD. has done business under the fictitious name "NORWEGIAN CRUISE LINES" (hereinafter "NCL" or "Defendant"). For federal jurisdictional purposes, NCL is both a

citizen of Bermuda and a citizen of Florida.

4. Subject matter jurisdiction exists, based on diversity of citizenship pursuant to 28 U.S.C. §1332; Plaintiff is a resident and citizen of the State of New Jersey, while Defendant is a citizen both of Florida and of Bermuda for jurisdictional purposes. The damages claimed exceed $75,000.00, the minimum jurisdictional amount required for diversity of citizenship cases. The Plaintiff's injuries and damages as alleged in Paragraph 13 below support an award of damages in excess of $75,000.00.

5. At all material times, NCL has had its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

7. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. In addition, the Defendant's principal place of business is located in Miami-Dade County, Florida, within this federal judicial district. Accordingly, venue is proper in this Court.

9. Plaintiff has complied with all conditions precedent to bringing this action including providing NC with written notice of claim as required by the ticket contract. A copy of the written notice of claim, dated January 28, 2025, is attached hereto as *Exhibit A*.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the M/S ENCORE ("ENCORE").

11. At all material times, including the injury date of July 26, 2024, Plaintiff SUZANNE LITZ was a fare-paying passenger aboard the ENCORE and in that capacity was lawfully present aboard the vessel.

12. On or about July 26, 2024, Plaintiff was in the process of reboarding or embarking the NCL ENCORE using a gangway that had been selected, installed, and provided by Defendant NCL, During the course of this embarkation, the gangway was positioned at an unreasonably steep and dangerous angle, creating an unsafe condition for passengers attempting to board the vessel, including Plaintiff.  As Plaintiff attempted to traverse the gangway, the excessive slope caused her to lose her footing and fall forward. In addition, the gangway lacked handrails or other stabilizing features that would have allowed Plaintiff to steady herself or break her fall. The absence of such safety measures, combined with the extreme and dangerous incline, rendered the gangway unreasonably dangerous and directly contributed to Plaintiff's inability to maintain her balance and prevent herself from falling.

13. As a direct and proximate result of the fall referenced in the preceding paragraph, the Plaintiff was injured in and about her body and extremities, sustaining injuries, including but not limited to, a fractured jaw, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, and the inability to lead a normal life. She also incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

**COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY**

*Litz v. NCL*

Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1 through 13 above and further alleges:

14. At all material times, Defendant NCL (BAHAMAS) LTD. owed Plaintiff, as a fare-paying passenger lawfully embarking the ENCORE, a duty of reasonable care under the circumstances. This duty included the duty to provide reasonably safe means of embarking and disembarking the vessel, which in turn included the duty to take reasonable measures to inspect, install, and maintain its gangways in a condition that was safe for passengers boarding the vessel, and to ensure that such gangways did not pose an unreasonable risk of injury due to excessive slope, instability, or lack of safety features such as handrails.

15. As alleged in Paragraph 12 above, on or about July 26, 2024, Plaintiff was attempting to board the ENCORE using a gangway provided by Defendant, that was in an unreasonably dangerous condition for the reasons alleged in Paragraph 12.

16. Defendant knew or should have known of the dangerous condition of the gangway for reasons that include, but are not limited to:

   a. NCL maintains a corrective action policy, applicable to its vessels fleetwide, to prevent its passengers from tripping on gangways while boarding the vessel. Specifically, NCL has a policy that when its crewmembers set up a gangway at a scheduled port of call, as they did in this case, NCL crewmembers are to inspect the gangway before passenger use to ensure it is set at a reasonably safe grade/incline/decline. Had NCL reasonably carried out its corrective action policy here before Plaintiff's incident, NCL would or should have learned the subject gangway created a hazard for the reasons explained above.
   b. NCL stations employees at the gangway location to monitor and assist passengers boarding the vessel; and had NCL reasonably performed this undertaking, NCL knew or should have known the subject gangway was unreasonably steep for the reasons explained above.
   c. The gangway was in its dangerously and excessively inclined condition from the time it was set up until the time Plaintiff fell, and therefore had been in a dangerous condition for sufficient time to invite corrective measures.

*Litz v. NCL*

17. Notwithstanding its actual or constructive knowledge of the unreasonably dangerous condition of the gangway, as alleged above, Defendant failed to take reasonable steps to eliminate the condition.

18. The Defendant's specific negligent acts or omissions regarding inspection and maintenance of the gangway include, but are not limited to, the following:

    a. Failing to install the gangway at a reasonably safe angle;
    b. Failing to ensure the gangway was equipped with handrails or other necessary safety features;
    c. Failing properly and timely to inspect the gangway for dangerous conditions before, during and after set up;
    d. Failing to implement policies and procedures to ensure safe passenger embarkation under varying gangway configurations;
    e. Failing adequately to monitor weather, tide, or vessel elevation conditions that would exacerbate the angle of the gangway;
    f. Failing to post or assign a sufficient number of crewmembers to provide assistance to passengers boarding under the actually or constructively known unreasonably dangerous conditions;
    g. Failing to provide adequate assistance to or supervision of passengers during embarkation under observable hazardous conditions; and
    h. Failing to provide an alternative, safer method of boarding under the circumstances.

19. As a direct and proximate result of Defendant's negligence as described above, Plaintiff lost her footing and fell as alleged in Paragraph 12 and thereby has sustained and will continue to sustain the damages described in Paragraph 13.

**WHEREFORE**, Plaintiff SUZANNE LITZ demands judgment against Defendant NCL for damages, costs, interest, and any further relief deemed just and appropriate by this Court.

## COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of Paragraphs 1-13 above and further alleges:

5
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Litz v. NCL*

20. At all material times, Defendant NCL owed Plaintiff, as a fare-paying passenger lawfully embarking the ENCORE, a duty to exercise reasonable care under the circumstances, including the duty to warn of known dangers or dangers of which Defendant should have known through the exercise of reasonable care.

21. As alleged in Paragraph 12 above, on or about July 26, 2024, Plaintiff was attempting to board the ENCORE using a gangway provided by Defendant, that was in an unreasonably dangerous condition for the reasons alleged in Paragraph 12.

22. Defendant knew or should have known of the dangerous condition of the gangway for reasons that include, but are not limited to:

   a. NCL maintains a corrective action policy, applicable to its vessels fleetwide, to prevent its passengers from tripping on gangways while boarding the vessel. Specifically, NCL has a policy that when its crewmembers set up a gangway at a scheduled port of call, as they did in this case, NCL crewmembers are to inspect the gangway before passenger use to ensure it is set at a reasonably safe grade/incline/decline. Had NCL reasonably carried out its corrective action policy here before Plaintiff's incident, NCL would or should have learned the subject gangway created a hazard for the reasons explained above.
   b. NCL stations employees at the gangway location to monitor and assist passengers boarding the vessel; and had NCL reasonably performed this undertaking, NCL knew or should have known the subject gangway was unreasonably steep for the reasons explained above.
   c. The gangway was in its dangerously and excessively inclined condition from the time it was set up until the time Plaintiff fell, and therefore had been in a dangerous condition for sufficient time to invite corrective measures.

23. At all material times, including the time Plaintiff was attempting to board the ENCORE via the gangway, the unreasonably dangerous condition of the gangway was not open or obvious to reasonable passengers who were traversing it without prior inspection such as the inspection NCL performed or should have performed according to its own policies.

24. Notwithstanding NCL's actual or constructive knowledge of the unreasonably dangerous condition of the gangway, Defendant failed to warn Plaintiff of it through orally

*Litz v. NCL*

delivered or written warnings, appropriate signage or markings, or otherwise.

25. As a direct and proximate result of Defendant's failure to warn of the hazardous condition of the gangway, Plaintiff encountered the unreasonably dangerous slope of the gangway without prior warning, lost her footing and fell as alleged in Paragraph 12 above, and as a result has sustained and will continue in the future to sustain the damages alleged in Paragraph 13.

**WHEREFORE**, Plaintiff SUZANNE LITZ demands judgment against Defendant NCL for damages, costs, interest, and any further relief deemed just and appropriate by this Court.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 23 day of July, 2025.

> **s/*PHILIP M. GERSON***
> NICHOLAS I. GERSON
> Florida Bar No. 0020899
> ngerson@gslawusa.com
> filing@gslawusa.com
> PHILIP M. GERSON
> Florida Bar No. 127290
> pgerson@gslawusa.com
> EDWARD S. SCHWARTZ
> Florida Bar No. 346721
> eschwartz@gslawusa.com
> DAVID MARKEL
> Florida Bar No. 78306
> dmarkel@gslawusa.com
> NICHOLAS M. PLYMALE
> Florida Bar No. 1057884
> nplymale@gslawusa.com
> GERSON & SCHWARTZ, P.A.
> Attorneys for Plaintiff
> 1980 Coral Way
> Miami, FL 33145-2624
> Telephone:    (305) 371-6000
> Facsimile:    (305) 371-5749

7
GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

*Litz v. NCL*